JOHN DREW AND OTHERS *v.* THE STEAMBOAT CHESA-PEAKE.

In cases of collision, the burthen of proof is on the plaintiff, not only to show negligence on the part of the defendant, but ordinary care on his own part.

A general custom of navigation, *e. g.* for vessels to pass each other to the left, may be proved by the testimony of persons skilled in navigation.

Such custom is a part of the law of the land; and a departure from it occasioning collision, will render the party liable, unless the other party, by reasonable effort, might have prevented it; and each party should act upon the presumption that the other party will adhere to the custom.

CASE certified from Wayne Circuit Court. This was a proceeding by complaint under the provisions of the "act to provide for the collection of demands against boats and vessels," S. L. 1839, p. 70. The complaint alleged that on the fifth day of October, 1839, Drew and others, complainants, were the owners of the sloop Democrat; that while she was passing up Detroit river, within the limits of this state, with four hands, and a cargo of stone on board, she was met by the steamboat Chesapeake, on her way down the same river, and was run down and crushed by said Chesapeake, and sent, with her crew, to the bottom of said river, where she has ever since remained,

broken in pieces, and utterly destroyed, together with her cargo, tackle, furniture, &c.

The cause was tried before the Hon. CHAS. W. WHIP-PLE, Presiding Judge, at the May term, 1843, of the circuit court. On the trial, it was proved that the collision occurred on the American side of the channel of Detroit river, and while the Democrat was coming up, and the Chesapeake was going down the river, on that side of the channel.

On the part of the defence, several nautical men, four of whom had been commanders of vessels on the lakes for several years, being introduced as witnesses, testified that it was customary for vessels passing each other, to leave each other at the left; and that in navigating Detroit river, it was usual, when vessels were passing each other, for the one upward bound to keep the right or Canada shore, and for the one descending the river to keep the American side. Other witnesses testified that they knew of no such custom.

The evidence being closed, the defendant's counsel requested the court to charge the jury that the existence of the custom testified to by some of the witnesses, was matter of fact for their determination upon the evidence; that if proved to exist, such custom became a part of the law of the land, and as such, was binding upon the parties; and if the injury complained of occurred while the Democrat was violating the custom, no recovery could be had without proof of gross negligence or wanton injury on the part of the defendant.

On this point, the only charge of the court, given by the presiding judge, was as follows:—"I am not prepared to assert that the custom has the force of law, but if it was universal and known, or supposed to have been known, to the captain of the Democrat, and if he, regardless of the same, and having the ability, while on the Canada

shore, of keeping that shore, yet did not do so, then the custom may be shown for the purpose of establishing the fact that there was negligence or unskilfulness on the part of the captain of the sloop; but if, from the course of the wind, it became necessary to tack, or if the captain of the sloop exhibited such a light as was sufficient to indicate her position to those on board the Chesapeake, and he has good reason to believe, having reference to the custom, that, by his tacking, he could, without danger of collision, cross to the American shore, he had the right so to do. It is for the jury to say, however, whether such an act, under the circumstances, was imprudent, negligent, or unskilful. If it was, the plaintiff cannot recover, unless the boat could have avoided the collision by the exercise of common diligence."

The jury found a verdict for the plaintiff for $1275. Whereupon the defendant's counsel moved that the verdict be set aside, and for a new trial, on the ground, among others, that the above charge to the jury was erroneous.

*A. D. Fraser* and *A. Ten Eyck*, in support of the motion, cited 6 Pet. 715; Pet. C. C. R. 225; 8 Wheel. Am. C. L. 231, 235, 240, '2, '3, '5, '8; 1 Caines' R. 44; 5 Binn. 287; 20 E. C. L. R. 201; Doug. 207; 9 E. C. L. R. 22; 36 Id. 166; 1 How. R. 91; 19 Wend. 399; 21 Id. 190; 19 E. C. L. R. 298; 21 Wend. 615; 25 E. C. L. R. 534; 14 Id. 430; 24 Id. 368; 1 Cow. 78; 21 Wend. 615; 2 Hall's R. 151, 161; 22 E. C. L. R. 280; 24 Id. 393, '4; 34 Id. 435, '6.

*J. M. Howard* and *Alex. Davidson*, contra, cited 1 Dane's Abr. 515; Co. Litt. 113, a; 36 E. C. L. R. 166; Story on Bailm. § 611, n. 4, §§ 611, *a*. 611, *b*.; 8 E. C. L. R. 300; 14 Id. 446, 431; 2 Wend. 452; 1 Law Reporter, (1839,) 313; 13 Wend. 603; 11 East, 60; 2 Esp. N. P. 207;

21 Wend. 622; 5 Esp. R. 44; 8 E. C. L. R. 300; 24 Id. 395, note; 3 Carr. & P. 554; 4 Id. 106.

RANSOM, C. J. delivered the opinion of the court.

We are clearly of opinion that the charge of the court, framed as it was, may have misled the jury. The statute under which the proceedings in this case were had, provides that "every boat or vessel shall be liable for all injuries done to persons or property by such boat or vessel, in all instances, where the same is shown to have occurred through the *negligence* or *misconduct* of the master or hands thereon employed." S. L. 1839, p. 70. To entitle the complainant to a recovery under this statute, he must prove that the injury complained of proceeded from the negligence or misconduct of the master or hands employed on the boat or vessel against which the proceedings are instituted.

If it were shown satisfactorily to the jury, that it was customary for boats or vessels descending the Detroit river to keep the American side of the channel, and that the Chesapeake was in the accustomed track at the time she came into collision with the complainant's vessel, her master or hands could not be charged with negligence or misconduct, unless it were also shown, either that they had neglected the precautionary measures usual and necessary to prevent such disasters, such as lights, men to keep a look out, &c. or that, seeing the plaintiff's vessel in time, and having sufficient sea room to avoid a collision, they had neglected or refused to do so: and the burthen of proof is on the complainants; they must adduce the evidence necessary to fix the liability of the defendant. "In cases of collision, the burthen of proof is on the plaintiff, not only to show negligence on the part of the defendant, but ordinary care on his own part." 1 Western Law Journal, 30; *Lane* v. *Crombie*, 12 Pick. 177. In this view

of the case, the circuit court should have been prepared to assert that the custom in question, if proved, had the force of law, and should have so instructed the jury.

"A general custom is a general law, and forms the law of a contract on the subject matter, though at variance with its terms; it enters into and controls its stipulations, as an act of parliament, or of a state legislature. The court not only *may*, but are bound to notice and respect general customs and usages, as the law of the land, and, when clearly proved, they will control the general law." *United States* v. *Arredondo*, 6 Pet. 715, and cases there cited.

" Whether there be any general custom of navigation, and what it is, are matters to be proved by the testimony of persons skilled in navigation. If there be such a custom, a departure from it, occasioning collision, will render the party liable, unless the other party by reasonable effort might have prevented it; and each party should act upon the presumption that the other party will adhere to the custom." 1 Western Law Journal, 30; *Jamison* v. *Drinkald*, 12 Moore, 148; S. C. 22 E. C. L. R. 442; *Lowry* v. *Steamboat Portland*, 1 Law Reporter, 313; *Handayside* v. *Wilson*, 3 Carr. & Payne, 528.

Several questions were presented on the argument of the motion, which we have not deemed it necessary to consider, satisfied as we are, that the motion should prevail, on the ground that the jury *may* have been misled by the charge of the court as to the effect of the custom, in relation to which testimony was adduced on the trial.

The opinion of this court, then, is, that the defendant's motion that the verdict be set aside, and for a new trial, ought to be granted; and we direct that the same be so certified to the circuit court.

*Certified accordingly.*